UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
                                 :

Stephen Viveney,                    :

                       :   Case No. 4:14-cv-40090

         Plaintiff,        :

                       :

      v.                   :

                       :

The CBE Group, Inc.,          :

                       :

         Defendant.     :

_____   :

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Stephen Viveney ("Plaintiff"), through his attorneys, alleges the following against Defendant, The CBE Group, Inc. ("Defendant"):

### INTRODUCTION

1.     Count I of Plaintiff's Complaint alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

2.     Count II of Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA).

### JURISDICTION AND VENUE

3.     Jurisdiction of this Court over Count I of Plaintiff's Complaint arises pursuant to 15 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.    Jurisdiction of this Court over Count II of Plaintiff's Complaint arises pursuant to 28 U.S.C. 1331.

5.    Defendant conducts business in the State of Massachusetts; therefore, personal jurisdiction is established.

6.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7.    Plaintiff is a natural person residing in Clinton, Worcester County, Massachusetts and is obligated or allegedly obligated to pay a debt as that term is defined by 15 U.S.C. 1692a(5) and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.    Defendant is a business entity with an office in Waterloo, IA.

9.    Plaintiff is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.    Defendant in the ordinary course of business regularly, on behalf of itself or others engages in debt collection.

11.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.    In or around March of 2013, Defendant began constantly and consistently placing collection calls to Plaintiff's cellular telephone in an attempt to collect an alleged debt stemming from a Direct TV account.

13.    Defendant places telephone calls from telephone numbers, including but not limited to, 913-279-0570, 515-954-7687 and 319-432-7619.

14.    Defendant places collection calls to Plaintiff's cellular telephone at phone

2

number 978-875-17XX.

15.     Per its prior business practices, Defendant's collection calls were placed using an automated dialer.

16.     Plaintiff closed his Direct TV account approximately four (4) years ago.  Plaintiff has since acquired a new cellular telephone number, 978-875-17XX.

17.     Plaintiff did not at any time provide Defendant with his current cellular telephone number 978-875-17XX.

18.     In or around August of 2013, Plaintiff requested that Defendant cease placing collection calls to his cell phone.

19.      Plaintiff did not at any time provide consent, explicit, implied, or otherwise, for Defendant to place calls to his current cellular telephone using an automated telephone dialing system.

20.     To the extent any such consent was given, Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or receive Defendant's calls using an automatic dialing system during the telephone call in or around August of 2013.

21.     Despite Plaintiff's request to cease, Defendant continued to place at least eleven (11) automated collection calls to Plaintiff, including but not limited to calls  on the following approximate dates and times:

- January 23, 2014: one (1) call at 9:01 a.m.;

- February 8, 2014: two (2) calls at 2:59 p.m. and 6:46 p.m.;

- February 16, 2014: two (2) calls at 1:06 p.m. and 4:42 p.m.;

- February 20, 2014: one (1) call at 9:02 a.m.

- February 24, 2014: one (1) call at 8:16 p.m.

- February 28, 2014: two (2) calls at 3:11 p.m. and 6:35 p.m.

- March 8, 2014: two (2) calls at 2:18 p.m. and 6:41 p.m.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

WHEREFORE, Plaintiff, STEPHEN VIVENEY, respectfully requests judgment be entered against Defendant, THE CBE GROUP, INC. for the following:

23. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

26. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

4

Wherefore, Plaintiff, STEPHEN VIVENEY, respectfully requests judgment be entered against Defendant, THE CBE GROUP, INC. for the following:

28. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

29. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

30. All court costs, witness fees and other fees incurred; and

31. Any other relief that this Honorable Court deems appropriate.


By: /s/ David R. Jackowitz

David R. Jackowitz,
B.B.O. No. 567279
Shaevel & Krems, LLP
141 Tremont Street
Boston, MA 02111
Telephone: (617) 556-0244
Fax: (617) 556-0284
djackowitz@shaevelkrems.com
Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STEPHEN VIVENEY, demands a jury trial in this case.

5

# VERIFICATION OF COMPLAINT AND CERTIFICATIO

STATE OF MASSACHUSETTS)
COUNTY OF WORCESTER)

Plaintiff, STEPHEN VIVENEY, says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attor
that all of the facts contained in it are true, to the best of my know
and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and wa
law or by a good faith argument for the extension, modification or r
law.

4. I believe that this civil Complaint is not interposed for any improp
to harass any Defendant(s), cause unnecessary delay to any Defen
needless increase in the cost of litigation to any Defendant(
Complaint.

5. I have filed this Complaint in good faith and solely for the purposes

6. Each and every exhibit I have provided to my attorneys which ha
this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys wl
have not altered, changed, modified or fabricated these exhibits, e:
the attached exhibits may contain some of my own handwritten not;

Pursuant to 28 U.S.C. § 1746(2), I, STEPHEN VIVENEY, hereby declare (or
state) under penalty of perjury that the foregoing is true and correct.

Dated: 3/28/14

STEPHEN VIVENEY
Plaintiff